**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANA R. HERN, on behalf of herself and and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 4:16-CV-1296 JAR |
| ST. ANTHONY'S MEDICAL CENTER, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 17) The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be denied.

**Background**

On July 9, 2013, Plaintiff Dana Hern received emergency medical treatment at Defendant St. Anthony's Medical Center ("St. Anthony's") for injuries she sustained in an accident. At the time of treatment, she had health insurance coverage through a plan administered by Anthem Blue Cross Blue Shield ("Anthem"). Plaintiff alleges that pursuant to its provider contract with Anthem, St. Anthony's was required to submit its medical bills for Plaintiff's treatment directly to Anthem, accept reimbursement at reduced rates as payment in full for "covered benefits" provided to her, and refrain from seeking payment for "covered benefits" from any other source. (Petition ("Pet."), Doc. No. 7 at ¶¶ 23-27) Plaintiff further alleges that instead of submitting her medical bills to Anthem, St. Anthony's placed a lien on her tort recovery in the amount of

---

[1] Defendant filed a memorandum in opposition to Plaintiff's motion on September 2, 2016. (Doc. No. 19) Plaintiff did not file a reply and the time to do so has passed.

$16,974.42. (Id. at ¶ 26) On or about September 3, 2014, the insurer of the tortfeasor responsible for Plaintiff's injuries, American Family Insurance Group, paid St. Anthony's $16,974.42 from Plaintiff's tort settlement to satisfy the outstanding lien. (Id.)

On June 16, 2016, Plaintiff filed a class action petition for damages against St. Anthony's in St. Louis County Circuit Court.[2] (Petition ("Pet."), Doc. No. 7) The Petition alleges three state-law claims: violation of the Missouri Merchandising Practices Act ("MMPA") (Count I); tortious interference with a contract or business relationship (Count II); and unjust enrichment (Count III). On August 9, 2016, St. Anthony's removed the action to this Court based on complete federal preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). (Doc. No. 1) Plaintiff moves to remand the case because her claims against St. Anthony's are based solely on state law and she is not seeking benefits under an ERISA plan.[3]

**Legal standard**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the

---

[2] Plaintiff seeks to represent a putative class of

> Individuals who, within five years pre-dating filing of this action, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant St. Anthony's Medical Center, while being covered by valid health insurance, and either: (1) did not have the medical bills resulting from that treatment properly submitted to their health insurance carrier for payment; or (2) did not receive a contractual reduction/adjustment of their bill based on their health insurance.

(Pet. at ¶ 28)

[3] In its notice of removal, St. Anthony's alleged that Plaintiff's health insurance plan was established and maintained by her employer and thus governed by ERISA. Plaintiff does not dispute this. (See Doc. No. 18 at 5 n. 2)

evidence, <u>Altimore v. Mount Mercy College</u>, 420 F.3d 763, 768 (8th Cir. 2005), and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." <u>In re Prempro</u>, 591 F.3d at 620 (citing <u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 963 (8th Cir. 2007)).

**Discussion**

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "well-pleaded complaint rule," a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009); <u>see also</u>, <u>Baker v. Martin Marietta Materials, Inc.</u>, 745 F.3d 919, 923 (8th Cir. 2014); <u>M. Nahas & Co. v. First National Bank of Hot Springs</u>, 930 F.2d 608, 611 (8th Cir. 1991). Removal of a complaint setting forth state law claims is proper under the well-pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law claim, or (2) an issue of federal law is a necessary and central element of plaintiff's state law claims. <u>Mabe v. Golden Living Ctr.-Bransom</u>, No. 07-03268-CV-S-FJG, 2007 WL 3326857, at *3 (W.D. Mo. Nov. 6, 2007) (citing <u>Gaming Corp. of Am. v. Dorsey & Whitney</u>, 88 F.3d 536, 542 (8th Cir. 1996), and <u>Bellido-Sullivan v. American Int'l Group, Inc.</u>, 123 F. Supp. 2d 161, 164 (S.D.N.Y. 2000)).

Complete preemption under ERISA can only occur when a plaintiff's state law claims are "displaced" by ERISA § 502, the statute's civil enforcement provision. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 64 (1987). Section 502(a) provides that "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). In <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004), the Supreme Court set out a two-part test to determine whether complete ERISA preemption is

applicable: "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." Id. at 210. The Supreme Court has reasoned that Congress intended ERISA § 502 to be the exclusive means for a plan participant to recover benefits from an ERISA-governed plan. See Davila, 542 U.S. at 208; Taylor, 481 U.S. at 63. Thus, any claim filed by a plan participant for the same relief provided under ERISA § 502, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court. Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005) (citing Neumann v. AT & T Communications, Inc., 376 F.3d 773, 779-80 (8th Cir. 2004)). See also Fink v. Dakotacare, 324 F.3d 685, 688-89 (8th Cir. 2003).

Plaintiff argues there is no complete preemption under ERISA because this is a tort action brought under state law to challenge St. Anthony's billing practices and not a claim for benefits under ERISA § 502. She relies on a Facility Agreement between St. Anthony's and Anthem that requires St. Anthony's to submit claims to Anthem within 180 days of the date of service or discharge and prohibits it from pursuing payment in any other form. (Doc. No. 11-1 at Secs. 2.5, 2.7.2)

St. Anthony's responds that "billing practices" cannot be analyzed separately from insurance coverage, as Plaintiff suggests. The Court agrees. The alleged billing limitation in the Facility Agreement, by its terms, only applies if Plaintiff's treatment was covered by her Plan: "Facility agrees that in no event … shall facility … seek compensation from … a Covered Individual … for Covered Services …" (Doc. No. 11-1 at sec. 2.7.2). Under the Facility Agreement, a "Covered Individual" is a person eligible "to receive Covered Services under a

Health Benefit Plan." (Id. at 2) "Covered Services" are medically-necessary health services "determined by Plan and described in the applicable Health Benefit Plan, for which Covered Individual is eligible." (Id.) Where a claim based on a provider agreement implicates coverage under an ERISA plan, the claim is completely preempted. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 (2nd Cir. 2011).

The crux of Plaintiff's complaint is that St. Anthony's deprived her of "benefits" under her health insurance plan by refusing to submit its charges for the allegedly "covered services" to her plan and instead seeking payment from a third-party liability insurer. Plaintiff can only prevail on her claims if she was entitled to benefits under her health insurance plan in the first instance. As St. Anthony's points out, without coverage, any failure to submit its charges to Anthem could not have been misleading (Count I), tortious (Count II) or inequitable (Count III). (Doc. No. 19 at 4, 9-10) Because coverage has not yet been determined, the Court will have to make that determination based on the terms of Plaintiff's plan. For these reasons, the Court finds Plaintiff's claims fall within the scope of § 502(a) and are completely preempted. Davila, 542 U.S. at 212-14.

Plaintiff contends her case is factually similar to Pruitt v. United Healthcare Services, Inc., No. 07-3307-CV-S-WAK, 2007 WL 4244998 (W.D. Mo. Nov. 29, 2007). In Pruitt, plaintiff incurred substantial medical bills following an accident. Her health insurance plan paid a portion of her bills. The tortfeasor's liability insurer offered to settle with plaintiff, but before the funds were released, plaintiff's health insurer placed a lien on the settlement proceeds. As a result, the liability insurer refused to consummate the settlement with plaintiff. Plaintiff brought a state law claim against her health insurer for tortiously interfering with her expectancy of a personal injury settlement. The insurer removed the case to federal court, arguing that the propriety of its lien

under the plan and ERISA was dispositive. Id. at *1-2. The district court remanded the case, holding that plaintiff was not seeking to recover benefits under her plan since her medical bills had been paid in accordance with the plan provisions. The court also held that "the mere fact that interpretation of the plan may come up in plaintiff's case to show lack of justification [for the lien] does not convert the claim into one for benefits under the plan." Id. at *3. Plaintiff also cites to Estate of Jay v. Associates' Health & Welfare Plan, 102 F. Supp. 2d 978 (N.D. Ill. 2000), and Mayer v. Hawkins, No. 09-CV-2138, 2009 WL 3320485 (C.D. Ill. Oct. 9, 2009), where state law claims for adjudication of liens were allowed to proceed unimpaired by ERISA preemption. (Doc. No. 18 at 6, 9-10)

These cases are distinguishable because the plans at issue had already paid benefits to the plaintiff. Thus, the plan terms were not an essential element of the case. Here, Plaintiff's plan did not pay benefits for her medical treatment because St. Anthony's did not submit a claim to her plan. As discussed above, the Court cannot resolve any of Plaintiff's claims without first determining whether she was entitled to health benefits under the terms of her plan. These types of claims are completely preempted under ERISA and can only be asserted under federal law. See Neumann, 376 F.3d at 779.

**Other pending motions**

St. Anthony's has moved to dismiss Plaintiff's class action petition based on ERISA preemption. (Doc. No. 11) When a complaint pleading only state law claims that are preempted by ERISA is removed to federal court, one or more of the claims must be "recharacterized" as an ERISA claim to establish federal jurisdiction. Fink, 324 F.3d at 689 (citing Metropolitan Life Ins., 481 U.S. at 63-67). The Court will, therefore, grant Plaintiff twenty (20) days to amend her complaint to assert a claim for denial of benefits under ERISA and deny St. Anthony's motion

to dismiss without prejudice as moot. See Grandcolas v. Healthy Alliance Life Ins. Co., No. 4:09CV1452 AGF, 2009 WL 3698433, at *3 (E.D. Mo. Nov. 3, 2009). If Plaintiff does not timely amend her complaint in compliance with this Memorandum and Order, the Court will *sua sponte* reinstate St. Anthony's motion to dismiss and dismiss Plaintiff's petition for the reasons stated therein. See Walsh v. Mutual of Omaha Ins. Co., No. 4:16 CV800RWS, 2016 WL 5076197, at *3 (E.D. Mo. Sept. 20, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave, up to and including **November 3, 2016**, to file an amended complaint in compliance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [11] is **DENIED** without prejudice as moot.


Dated this 14th day of October, 2016.

_John A. Ross_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**